### 69869. WHITLOCK v. THE STATE.
(329 SE2d 286)

BIRDSONG, Presiding Judge.

The defendant, Jimmy Whitlock, appeals his conviction for the offense of escape from lawful confinement. The state introduced evidence of prior convictions of burglary and escape, and of defendant's subsequent escape from confinement at the Rivers Correctional Institution on September 20, 1983. He was recaptured after two hours when the tracking dogs ran him down approximately two miles from the point of his escape. *Held:*

Counsel enumerates but one error. He alleges the trial court erred by admitting in evidence State's Exhibit 1, consisting of several documents on file in the office of the clerk of the court, including the sentence, the indictment, the order of probation, and order of revocation, all pertaining to the defendant's conviction of two counts of burglary in the November Term of 1980 in the Troup Superior Court. The first two pages of the exhibit contain the seal, certification, and signature of the Clerk of the Superior Court of Troup County and the words: "Indictment, Order of Revocation." The indictment and order of revocation contain the clerk's office rubber stamp imprint showing when they were filed. Counsel for defendant objected to their admission in evidence because of a lack of a seal on the documents in the exhibit outside of the first two pages of the exhibit. We find no error.

Our Code provides: "The certificate or attestation of any public officer . . . shall give sufficient validity or authenticity to any copy or transcript of any record, document, paper of file, or other matter or thing in his respective office, *or pertaining thereto*, to admit the same in evidence." (Emphasis supplied.) OCGA § 24-7-20 (formerly Code Ann. § 38-601). We note that the state in tendering the exhibit informed the court: "We're offering it now as a package certified by the clerk of that court. . . ."

Professor Wigmore advises that whether a single certificate suffices to cover copies of several documents is a question of "unity of papers bearing the copies" and depends upon the circumstances of each case. 5 Wigmore on Evidence 859, § 1677. He saw no logical or legal reason why a separate certificate should be prepared for each page of one file. Id. p. 860. Our code appears to have included this reasoning when it permitted one "certificate" to authenticate "any copy . . . document, paper of file, or other matter or thing in his re-

spective office, *or pertaining thereto,* to admit the same in evidence." (Emphasis supplied.) OCGA § 24-7-20. Our Supreme Court agrees. In *Weaver v. Tuten,* 138 Ga. 101, 103 (74 SE 835), the court held that "[w]here the various records appertain to the same subject-matter, it is proper that they be joined together and certified under one certificate." Whether these records were joined together was a matter for the trial court and in the absence of any evidence of an abuse of discretion we find no error.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED MARCH 12, 1985.

*Reginald L. Bellury,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.