A95A0961. BOYD v. THE STATE.
(458 SE2d 692)

SMITH, Judge.

Jerry Don Boyd was indicted with three co-defendants on five counts of theft by receiving stolen motor vehicles and parts, OCGA § 16-8-7. A Bartow County jury found him guilty on four counts and acquitted him of the fifth charge. He appeals, contending that the trial court erred in admitting evidence of a similar transaction.

In 1991, Boyd entered a guilty plea to a Bartow County indictment on three counts of theft by receiving stolen motor vehicles and a race car trailer. He also entered a guilty plea to a second Bartow County indictment on two counts of theft by receiving stolen motor vehicles. The same Bartow County sheriff's officer investigated the prior offenses and those for which Boyd was convicted here. The officer testified that in both the prior and current offenses Boyd, in concert with others, engaged in a scheme to "clean up" stolen vehicles by manufacturing false ownership records. The stolen vehicles were older models that did not require the applicant to present a title to obtain a license plate. Vehicle identification number (VIN) plates were obtained from junk vehicles of the same make and model, and these were substituted for the true VIN plates on the stolen cars. Forged bills of sale were prepared with the false VINs and used to obtain license plates. The vehicles were then resold.

Under Uniform Superior Court Rule 31.3 and *Williams v. State*, 251 Ga. 749 (312 SE2d 40) (1983), admission of similar transaction evidence does not require that the similar transactions be identical to

the offenses charged. What is required is evidence that the defendant was the perpetrator of the other crimes, and sufficient similarity between the incidents so that proof of the former tends to prove the latter. *Martin v. State*, 198 Ga. App. 488, 489 (402 SE2d 95) (1991). Boyd contends there was no proof that he, rather than his co-defendants, actually removed the VIN plates from the stolen vehicles and substituted false plates in the previous offenses. Boyd also contends the offenses were not similar because "confidential" or concealed VINs were not removed from the stolen vehicles in the earlier offenses.

These minor variations in the virtually identical schemes in the prior and current offenses do not constitute sufficient dissimilarity to render the prior indictments and guilty pleas inadmissible. Particularly where, as here, guilty pleas were entered to the earlier crimes, it is immaterial whether Boyd or one of his associates committed any particular act in furtherance of the offenses. *Hammitt v. State*, 183 Ga. App. 382, 383 (1) (359 SE2d 4) (1987). The investigating officer testified that Boyd and his associates were "progressing" and refining their technique to eliminate concealed as well as primary VINs, because they had learned from the first two indictments that officers were able to trace stolen vehicles through the confidential numbers. Refinements in method learned by experience in committing a particular crime do not show dissimilarity, but rather tend to show a connection with the prior offense. The trial court admitted only the charges of theft by receiving stolen motor vehicles and refused to admit evidence of theft of a more recent vehicle "which does not fit the pattern." The prior offenses were sufficiently similar to the incidents at issue here to satisfy the requirements of Uniform Superior Court Rule 31.3 and *Williams*. See *Gill v. State*, 183 Ga. App. 481 (359 SE2d 163) (1987).

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED JUNE 23, 1995.

*Robert D. Pope*, for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.