## A95A1203. HAMMONDS v. THE STATE.
### (461 SE2d 589)

SMITH, Judge.

Willie Hammonds appeals his conviction for the sale of cocaine, his motion for new trial having been denied.

1. Hammonds enumerates as error the denial of his motion for new trial, made on the ground of ineffective assistance of counsel. He contends that trial counsel expressed anger toward him and did not adequately discuss with him a proposed plea agreement.

During the hearing on Hammonds' motion for new trial, his experienced trial counsel testified that he met with Hammonds numerous times, advised him regarding his options, investigated the case, and reviewed the State's file. He explained to Hammonds the danger that he could be convicted of a second sale of cocaine and that he would face life imprisonment if he were convicted. After counsel labored to obtain a plea agreement, he conveyed to Hammonds an offer made by the State that could have lessened Hammonds' sentence significantly.

Hammonds had previously indicated to his trial attorney that a plea agreement would be acceptable, but when the offer was explained to Hammonds, he "turned it down flat" and likened his attorney to previous counsel with whom he had apparently been dissatisfied. Counsel became angry at Hammonds, exchanged angry words with him, and left the room. Hammonds testified that after this incident, he did not trust his attorney, was "leery of him," and "didn't want to go in the courtroom with him." He testified that the two never again discussed the agreement; his trial attorney testified to the contrary that he met with Hammonds on several subsequent occasions and during each meeting reiterated the existence of the plea agreement and explained that he felt it was in Hammonds' "best interest" to accept the plea offer that had been recommended.

The confrontation between Hammonds and his attorney and Hammonds' ensuing "distrust" are not determinative of effectiveness.

As observed by the United States Supreme Court in *Morris v. Slappy*, 461 U. S. 1, 14 (103 SC 1610, 75 LE2d 610) (1983) and by this Court in *Jefferson v. State*, 209 Ga. App. 859, 862 (1) (434 SE2d 814) (1993), "a meaningful relationship" between a defendant and his counsel is not a Sixth Amendment guarantee. Rather than describe his feelings toward counsel, Hammonds' burden is to show that counsel's performance was deficient and that this deficiency prejudiced the outcome of the case. *O'Neal v. State*, 211 Ga. App. 741, 743 (4) (440 SE2d 513) (1994). After reviewing the record, including Hammonds' testimony, we find ample evidence supporting the trial court's finding that counsel was not ineffective. Hammonds has not complained about counsel's performance at trial, and as previously discussed, counsel investigated the case, interviewed Hammonds several times, reviewed the State's file, and conveyed the State's offer to Hammonds on numerous occasions. Under these circumstances, any disagreements Hammonds and his new attorney may have regarding trial counsel's decisions and actions do not demand a finding of ineffectiveness under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).[1]

2. Hammonds contends his Sixth Amendment right to counsel was violated because a sheriff's deputy, without the knowledge of Hammonds' trial counsel, advised him to go to trial. Hammonds testified at the hearing on his motion for new trial that he discussed his case with a Bibb County officer who also happened to be a friend of his from school and that the officer recommended that he go to trial because he could "beat" the charge.

"[V]arious kinds of state interference with counsel's assistance can result in denial of effective assistance of counsel." (Citations and punctuation omitted.) *Pullen v. State*, 208 Ga. App. 581, 585 (3) (431 SE2d 696) (1993). In this case, however, Hammonds has not met his burden of showing that his Sixth Amendment rights were violated. He testified it was his own decision to go to trial. Hammonds' reliance on *Massiah v. United States*, 377 U. S. 201 (84 SC 1199, 12 LE2d 246) (1964) and *Brewer v. Williams*, 430 U. S. 387 (97 SC 1232, 51 LE2d 424) (1977) is misplaced. In those cases, law enforcement officers elicited statements from the defendants without presence of their counsel. *Massiah*, supra at 204; *Brewer*, supra at 401. Here, no incriminating statements were made by Hammonds, nor does the evidence show that law enforcement officers attempted to elicit any such statements from him. His trial counsel made great efforts to persuade

---

[1] Hammonds also contends that he was denied effective assistance of counsel because an indictment "for prior sale was allowed to go to the jury, although the charge was dropped to simple possession on that indictment." This contention is not supported by argument or citation to authority and is therefore deemed abandoned. Court of Appeals Rule 27 (c) (2).

Hammonds to enter a plea, explaining to him the possible consequences of his failure to do so. That Hammonds appears to have attached greater significance to the alleged comments of an acquaintance rather than to the advice of his own attorney does not change the fact that it was Hammonds' own decision to proceed to trial. This enumeration has no merit.

3. Hammonds contends the trial court erred in admitting evidence of three prior incidents involving the sale of cocaine. The State introduced the similar acts to show identity, intent, and course of conduct. Hammonds argues that evidence of similar transactions was inappropriately admitted because he admitted identity and intent, and these were not issues. On the contrary, the issue of identity was a focus of cross-examination during the State's case, and the threshold issue of whether Hammonds intended to facilitate a drug transaction or merely purchase drugs for himself permeated the entire trial. Regardless of Hammonds' purported "admissions," it was the State's burden to prove each and every element of the crime beyond a reasonable doubt. The State could not depend on Hammonds' defense, i.e., whatever he might or might not "admit," after it rested its case. Hammonds' claim that the evidence was erroneously admitted to show identity and intent is meritless.

4. Hammonds also contends the State did not show sufficient similarity so that proof of the former crimes tended to prove the latter. We disagree. Two former undercover officers testified regarding their contacts with Hammonds. On three different dates, Hammonds "flagged down" or approached the officers/"customers" and sold them drugs. Both officers "purchased" drugs ranging in price from $20 to $30. In two of the prior transactions, Hammonds acted as an intermediary in the purchase; he took the officers to a location where another individual provided drugs in return for money. Hammonds admitted that he sold cocaine on these three occasions to the officers.

Similar transactions need not be identical to the crime charged to be admissible. *Boyd v. State*, 217 Ga. App. 668, 669 (458 SE2d 692) (1995). Rather, the evidence must show that the defendant committed the other crimes and that sufficient similarity between the crime charged and the prior crimes exists, "so that proof of the former tends to prove the latter." Id.; *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). Though Hammonds' testimony was somewhat contradictory to that of the investigating officer,[2] the jury was

---

[2] Hammonds testified that while he offered to help the officer find some drugs and drove him around in pursuit of this offer, he had nothing to do with the transaction that occurred between the officer and the unidentified man. Hammonds' position was that he made a purchase from the unidentified man, after which the officer made a purchase, and that he had nothing to do with the transaction between the officer and the unidentified man.

authorized to believe the State's evidence that Hammonds approached the undercover officer who purchased the drugs in the same vicinity as he approached officers in prior sales. Evidence showed that Hammonds and the officer spoke with an unidentified man and that the officer gave Hammonds $40, which Hammonds gave to the other man in exchange for what later was identified as crack cocaine. These crimes were sufficiently similar that proof of the three earlier sales tended to prove the offense charged in the instant case, and the trial court did not err in admitting the evidence.

5. Hammonds contends the trial court erred in enhancing his sentence under OCGA § 16-13-30 (d). He asserts that the statute "discriminates on the basis of race in violation of the Fourteenth Amendment to the United States Constitution and the Constitution of the State of Georgia." We do not agree. This issue was decided adversely to Hammonds in *Stephens v. State*, 265 Ga. 356 (456 SE2d 560) (1995). The Georgia Supreme Court examined a similar challenge and found that the sentencing scheme "does not deprive persons of due process or equal protection under the law. [Cits.]" Id. at 359-360 (4). Consequently, this contention is without merit.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED AUGUST 31, 1995.

*John O. Cole*, for appellant.

*Charles H. Weston, District Attorney, Elizabeth K. Bobbit, Laura D. Hogue, Assistant District Attorneys*, for appellee.