A96A1231. HARRIS v. THE STATE.
(473 SE2d 245)

BIRDSONG, Presiding Judge.

Jeffery Alan Harris was convicted of obstruction of a law enforcement officer. The State's evidence showed that around 3:00 a.m. on September 14, 1994, Officer Joe Burge was dispatched to a trailer park in response to a complaint about loud music. Upon his arrival, a woman informed Officer Burge that the loud music was coming from appellant's trailer. Officer Burge knocked on the door of appellant's trailer several times, indicating he was from the sheriff's office. Appellant, who was "highly intoxicated," eventually opened the trailer door only long enough to address Burge with profanity before closing and locking the door. Officer Burge again knocked on appellant's door, stating that he needed to talk with him about the music. This time, appellant responded by saying, "I'll go back here and get my rod in the back and I'll kill all of you son of a bitches." After Trooper Sturdivan arrived to assist Burge, the trailer door again opened and closed, briefly revealing appellant with a long, thin object in his hand. Lieutenant Farrar then reached the scene and knocked on appellant's door. Appellant, holding a long metal rod, opened the door and stepped back inside the trailer. After several requests by Farrar, appellant dropped the rod but continued to describe with profanity what he was going to do to the police, and he refused to leave the trailer to discuss turning down the music. To subdue appellant, Farrar finally sprayed him with Cap-Stun (cayenne pepper spray). After a struggle, the officers were able to handcuff appellant.

Appellant enumerates two errors on appeal. *Held*:

1. In his first enumeration appellant contends the trial court erred in permitting evidence of a similar transaction. Before evidence of an independent offense or act may be admitted into evidence, the

State must make three affirmative showings: First, the State must demonstrate that it seeks to introduce such evidence for an appropriate purpose, such as illustrating appellant's identity, intent, course of conduct, and bent of mind; second, the State must show sufficient evidence to establish that the accused committed the independent offense or act; third, the State must demonstrate a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640 (409 SE2d 649). Applying this standard, we find the trial court did not err in granting the State's motion to admit evidence of a similar transaction.

The similar transaction evidence in question concerns an occurrence in August 1992. Deputy Derwin Potts was dispatched to a small tire store in reference to a civilian disturbance. Upon arrival, Deputy Potts saw appellant, holding a knife, in a standoff with several people wielding tire irons and sticks. Appellant, who seemed to be under the influence of alcohol, was the center of the controversy. Upon Potts' request, appellant dropped the knife and was placed in Potts' patrol car. Potts then placed appellant under arrest for disorderly conduct. Appellant greeted this news by kicking the doors of the patrol car and then kicking Potts in the chin and mouth. In order to subdue appellant, Potts sprayed him with Cap-Stun. Once restrained, Potts charged appellant with obstruction of a law enforcement officer.

In this case, appellant is again charged with obstructing a law enforcement officer. Appellant asserts that the requisite similarity between these two events is lacking. This assertion is without merit. Similar transactions need not be identical to be admitted into evidence. *Martin v. State*, 219 Ga. App. 277 (464 SE2d 872). Rather, the evidence must show sufficient similarity between the crime charged and the prior crime such that proof of the former tends to prove the latter. *Boyd v. State*, 217 Ga. App. 668, 669 (458 SE2d 692). Here, in both instances: (1) a civilian complained about appellant's behavior, (2) an officer was dispatched to appellant's location, (3) appellant was intoxicated, (4) appellant had a weapon, (5) appellant resisted officers when they attempted to restrain him, and (6) appellant had to be Cap-Stunned to be subdued.

Appellant's emphasis of immaterial differences between the two events is misplaced in this place. In determining the admissibility of similar transaction evidence, the court should focus on the similarities, not the differences, of the two occurrences. *Farley v. State*, 265 Ga. 622 (458 SE2d 643). There is a sufficient similarity between the 1992 and 1994 incidents so that proof of the former tends to prove the latter. Additionally, the record sufficiently indicates appellant did commit the former act; and, since evidence of the former act is rele-

vant to show identity, motive, plan, scheme, bent of mind and course of conduct, the trial court did not err in admitting evidence of the 1992 occurrence.

2. In his second enumeration, appellant contends there was insufficient evidence to convict. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737).

Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the misdemeanor of obstructing or hindering law enforcement officers. OCGA § 16-10-24; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Testimony from police officers called to the scene illustrates that appellant verbally threatened the officers and, while holding a weapon, refused to leave the trailer to discuss turning down the stereo. Testimony further indicates the police officers had to Cap-Stun appellant to subdue him. This evidence is additionally bolstered by testimony concerning a similar occurrence in which appellant obstructed a police officer from carrying out his lawful duties. Accordingly, we affirm the jury's conviction.

*Judgment affirmed. Blackburn, J., concurs. Beasley, C. J., concurs in judgment only.*

DECIDED JULY 3, 1996.

*Michael A. Corbin*, for appellant.

*Kermit N. McManus, District Attorney, Forest L. Miles, Assistant District Attorney*, for appellee.