A97A0976. JACKSON v. THE STATE.
(487 SE2d 142)

Judge Harold R. Banke.

William Freeman Jackson was convicted of burglary, robbery by force, and aggravated assault. On appeal, he challenges the admission of similar transaction evidence and the sufficiency of the evidence.

This case arose after the 76-year-old victim returned from a trip to the grocery store in the early afternoon. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be

viewed in a light most favorable to the verdict). Just as she set the groceries and her purse down on the kitchen counter, a man she identified as Jackson walked in and asked if "Mrs. Robinson" lived there.[1] Jackson then grabbed the victim by the shoulders and shook her. After she tried to kick him, he slapped her on the head and knocked her over the washing machine, then grabbed her arm, shook her, and threw her on the floor. When she got up, he threw her down again. After throwing her down a third time, he reached behind her, grabbed her purse, and left. He drove off in a rusty reddish-brown car. Police apprehended Jackson after he robbed another elderly woman who memorized his license plate number. In the car, police discovered a receipt from the victim's trip to the grocery store. During a search of Jackson's home, authorities found dark clothing matching the description the victim gave of Jackson's clothing. *Held*:

1. The trial court did not err in admitting the State's similar transaction evidence. *Kemp v. State*, 218 Ga. App. 842, 843 (3) (463 SE2d 385) (1995). The State proffered two similar transactions. The first occurred one week before the offenses at issue when Jackson threatened the similar transaction victim with a large "Rambo-type" knife as she was unloading groceries from her car. He took her purse, then ran to a maroon or rust-colored car, and drove away. Authorities later recovered the knife from Jackson's car.

The second similar transaction occurred less than three hours before the offense at issue. That victim was an elderly woman who was unloading her car after a shopping trip. Jackson drove up in a maroon car, got out, and approached her, asking a question. Then he grabbed her purse, got back in his car, and drove away. The victim gave his license number to police and reported that a unique pocket knife and pen were in her purse. These were recovered after authorities searched the car and Jackson's home.

There exists sufficient similarity between the crimes charged and the similar transactions so that proof of the latter tends to prove the former. *Hammonds v. State*, 218 Ga. App. 423, 425 (461 SE2d 589) (1995). Each of the victims was a vulnerable woman, either due to age or the presence of a child. No other adults were around, and they were preoccupied with unloading their cars, either outside or in an unlocked residence. Jackson stole each victim's purse and then drove away in the same car.

Complete agreement in the facts is not necessary for admissibility. Id. The similarities here are sufficient to satisfy the requisites of *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). The

---

[1] The victim's name was not Robinson. She testified that she lived in the house where the offense occurred for 15 years.

record also demonstrates that the similar transaction evidence was admitted for the proper purposes of showing identity and modus operandi. See *Foster v. State*, 211 Ga. App. 22, 23 (2) (437 SE2d 872) (1993); see also *Cridiso v. State*, 200 Ga. App. 342 (1), 343 (408 SE2d 153) (1991).

2. The evidence, viewed in the light most favorable to the verdict, would permit a rational trier of fact to find all the essential elements of the crimes.[2] *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The victim's testimony that Jackson entered her house without permission and grappled with her to get her purse is sufficient to establish the essential elements of burglary. OCGA § 16-7-1 (a); *Hambrick v. State*, 174 Ga. App. 444, 446-447 (1) (330 SE2d 383) (1985). The victim established the elements of robbery by force with testimony that Jackson slapped her and threw her down three times before taking her purse, which was close behind her on the kitchen counter. OCGA § 16-8-40 (a) (1).

Notwithstanding Jackson's argument to the contrary, the evidence of his identity was clearly sufficient to link him to the crimes. The victim identified him with certainty in a photographic lineup, a live lineup, and at trial. In light of this evidence, the jury's rejection of Jackson's alibi testimony must stand. *Pardo v. State*, 215 Ga. App. 317 (1) (450 SE2d 440) (1994) (appellate courts do not weigh the evidence or determine witness credibility).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED MAY 29, 1997.

Before Judge Johnson.

*William M. Shurling III*, for appellant.

*Charles H. Weston, District Attorney, Graham A. Thorpe, Laura D. Hogue, Assistant District Attorneys*, for appellee.

---

[2] For sentencing purposes, the aggravated assault charge merged with the robbery by force charge.