## A00A1964. JOHNSON v. THE STATE.
(544 SE2d 496)

JOHNSON, Presiding Judge.

A Houston County jury convicted Edward Charles Johnson of two counts of selling cocaine. On appeal, he claims the trial court erred in (1) instructing the jury on similar transactions, (2) admitting similar transaction evidence, (3) admitting hearsay, (4) inhibiting his cross-examination of a state's witness, (5) allowing his character to be placed in issue, and (6) failing to require the state to abide by the discovery rules. For reasons which follow, we affirm.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that on December 19, 1995, after a game of cards, Johnson sold an undercover officer two $20 "rocks" of cocaine. Johnson added a third rock to the sale after the officer complained about the size of the first two. On December 20, 1995, during another game of cards, the undercover officer purchased three rocks of cocaine from Johnson.

The state introduced three prior transactions. In 1990, Johnson pled guilty to one count of selling cocaine. In 1992, Johnson was convicted following guilty pleas to two charges of cocaine possession.

1. Johnson claims the trial court's similar transactions charge requires the jury to consider a prior act in its deliberations if Johnson is shown to be the person who committed that prior act.[1] Johnson mischaracterizes the charge, which directed the jury to determine whether the defendant was the same person to whom the prior transaction pertained before considering it for any other purpose. The trial court gave additional limiting instructions, including:

> The law provides that evidence of other offenses of this defendant that are similar in terms of common design, scheme, plan, course of conduct, motive, location and time or place or other factors to the offense for which the defendant is on trial may be admissible and may be considered for the limited purpose of showing, if it does, the identity of the perpetrator, the state of mind, for instance, or for example, knowledge or intent of the defendant in the crime charged in the case now on trial. Such evidence, if any, may not be considered by you for any other purpose.

We find no error in the trial court's charges on similar transactions.

---

[1] Johnson also claims that the trial court failed to instruct the jury that any prior act must be similar enough to the crime charged so that proof of the prior act tends to prove the latter crime. The trial court is not required to give such a charge sua sponte. Johnson's reliance on *Chisholm v. State*, 231 Ga. App. 835, 838-839 (2) (500 SE2d 14) (1998), is misplaced, as *Chisholm* was overruled by *Murphy v. State*, 270 Ga. 72 (508 SE2d 399) (1998).

2. Johnson claims that the trial court failed to conduct a proper hearing to determine whether the state established that the similar transaction evidence was properly admissible. He also claims that the similar transaction evidence was not sufficiently similar or connected to the facts of the crime charged to be presented to the jury.[2]

In order to introduce prior similar transactions:

First, the State must demonstrate that it seeks to introduce such evidence for an appropriate purpose, such as illustrating appellant's identity, intent, course of conduct, and bent of mind; second, the State must show sufficient evidence to establish that the accused committed the independent offense or act; third, the State must demonstrate a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.[3]

(a) Johnson complains that the trial court failed to properly rule on the admissibility of similar transaction evidence. The trial court held a pre-trial hearing pursuant to Uniform Superior Court Rule 31.3 (B) to consider the similar transaction evidence. The trial court indicated that it would admit evidence of those transactions where Johnson's identity could be confirmed by an officer's testimony, but expressed concern regarding the admission of certain police reports. The trial court postponed ruling so that it could deliberate further on the matter. The trial court later allowed evidence of the possession transactions and the sale transaction to come before the jury. Although it ruled on admission of the similar transaction evidence at different times, the court ruled on admission before the presentation of the applicable evidence. The trial court did not err in the manner in which it considered and ruled upon the admission of the similar transaction evidence.

(b) Johnson argues that the incidents leading to his 1992 possession convictions were not sufficiently similar or connected to the crimes charged to be properly admissible. In connection with the possession convictions, a police officer testified that, in the first incident, he saw bags of cocaine in Johnson's immediate vicinity and, in the second incident, that he found 18 pieces of "crack" cocaine, packaged in individual containers, in a car in which Johnson was a passenger. The state also introduced certified copies of Johnson's negotiated pleas to possession of cocaine in connection with these transactions.

---

[2] See *Hatcher v. State*, 224 Ga. App. 747, 752 (482 SE2d 443) (1997).

[3] (Citation omitted.) *Harris v. State*, 222 Ga. App. 83, 84 (1) (473 SE2d 245) (1996).

The 1992 convictions were for possession of cocaine, and the current charges also involve cocaine.

> Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct.[4]

In the two incidents leading to negotiated pleas of possession of cocaine, the drugs had been separated and bagged in separate containers. The state produced evidence that the packaging was indicative of someone who was selling cocaine. A prior incident leading to a negotiated plea of possession of cocaine, in which the defendant was in possession of a number of plastic bags containing cocaine, has been found to be properly admissible as a similar transaction in a trial for the distribution of cocaine in order to show defendant's course of conduct and scheme or plan to distribute cocaine.[5] The incidents leading to Johnson's 1992 convictions for cocaine possession were sufficiently similar to the current charges that proof of the former tended to prove the latter, and the trial court did not err in allowing the evidence of the prior possession transactions.

3. The officer who witnessed the transaction leading to Johnson's 1990 conviction for selling cocaine died before the trial. The state introduced four police reports which were authored by the deceased officer, along with a certified copy of Johnson's 1990 conviction.[6]

The police reports were entered into the record, but not for submission to the jury. Although the reports indicate four cocaine sales by Johnson to the deceased, the state elicited testimony only with respect to the report reflecting a June 2, 1989 transaction. The state introduced the hearsay evidence by questioning a police sergeant about the contents of the report:

> Prosecutor: With respect to State's Number 10, and which is the transaction we talked about from June 2nd, 1989, does it indicate that [the deceased officer] purchased cocaine from an individual, without reading from it?
> Sergeant: Yes.
> Prosecutor: And what is the name of the individual that it

---

[4] (Citations, punctuation and emphasis omitted.) *Faison v. State*, 199 Ga. App. 447, 448 (1) (405 SE2d 277) (1991).

[5] *Collins v. State*, 205 Ga. App. 341, 343-344 (2) (422 SE2d 56) (1992).

[6] Johnson was indicted on five separate counts of selling cocaine, but he was convicted on a negotiated guilty plea to the first count only, a sale of cocaine on June 2, 1989.

says he bought the cocaine from?
Sergeant: Edward Johnson.
Prosecutor: And what type of cocaine does it say he bought?
Sergeant: Crack cocaine.
Prosecutor: For how much money?
Sergeant: Approximately $20, or $20.

Johnson claims that the testimony regarding the prior sales transaction was inadmissible hearsay. The state argues that the statements were admissible either under the necessity exception to the hearsay rule or as business records.

A police report may be admitted into evidence as a business record if a proper foundation has been laid, although such reports are generally not admissible if they include hearsay statements, opinions, or conclusions.[7] To be admissible, the state must show the writing "was made in the regular course of any business and that it was the regular course of business to make the . . . record at the time of the act . . . or within a reasonable time thereafter."[8]

A police sergeant testified that the reports were "copies of the typewritten reports submitted by an officer of the police department," and that he retrieved them from the police files. However, he gave no testimony regarding the preparation and keeping of the reports.[9] The state failed to lay the foundation required to admit the hearsay under the business records exception.[10]

The state argues that the hearsay was nevertheless admissible under the necessity exception. The rules of evidence allow "the admission of hearsay evidence in specified cases from necessity so long as (1) the declarant is unavailable, and (2) there is a circumstantial guarantee of trustworthiness inherent in the statement."[11] Our Supreme Court has recently added a third requirement: "the proponent of the evidence must show that the statement is relevant to a material fact and that the statement is more probative on that material fact than other evidence that may be procured and offered."[12]

The first element is satisfied because the declarant was deceased.[13] It appears from the pre-trial hearing that the deceased officer was the only law enforcement officer who witnessed the transaction, and so his statements are uniquely probative. We must then consider whether the statements contain sufficient indicia of trust-

---

[7] *Johnson v. State*, 168 Ga. App. 271, 272 (1) (308 SE2d 681) (1983).
[8] OCGA § 24-3-14.
[9] Compare *Reed v. Heffernan*, 171 Ga. App. 83, 84 (1) (a) (318 SE2d 700) (1984).
[10] See *Curtis v. State*, 190 Ga. App. 173, 175 (2) (378 SE2d 516) (1989).
[11] (Punctuation omitted.) *Fetty v. State*, 268 Ga. 365, 367 (4) (489 SE2d 813) (1997).
[12] *Chapel v. State*, 270 Ga. 151, 155 (4) (510 SE2d 802) (1998).
[13] *McKibbons v. State*, 226 Ga. App. 452, 454 (2) (486 SE2d 679) (1997).

worthiness to be admissible.

Although the state argued to the trial court that the statements of the deceased officer should be admitted under both the necessity and business records exceptions to the hearsay rule, the trial court allowed the hearsay into evidence as a business record only. The trial court made no findings regarding a circumstantial guarantee of trustworthiness.

There is no testimony that speaks directly to the circumstances under which the declarant prepared these statements, and we cannot say that the statements were made in a context which the courts have traditionally found to be inherently reliable. The veracity of the deceased officer's statements is arguably supported by Johnson's guilty plea to a sale of cocaine on June 2, 1989. The reliability of hearsay evidence, however, must be derived from a finding of inherent trustworthiness rather than other evidence produced at trial.[14] The state did not establish the admissibility of the hearsay evidence under the necessity exception.

The trial court erred when it allowed the state to present hearsay evidence of the June 2, 1989 cocaine sale to the jury. Nevertheless, because the sale was one of three prior transactions, and the other two transactions were properly admitted into evidence, we find that it is highly probable that the error did not contribute to the judgment of conviction, and a reversal is not required.[15]

4. Johnson claims that the trial court improperly limited his cross-examination of the undercover officer who testified to purchasing cocaine from Johnson because counsel was not allowed to thoroughly cross-examine the officer with the officer's police report. The trial court ruled that defense counsel was in danger of introducing the police report into evidence and that, if he did so, he would lose the right to open and close final argument. "[The] right to make final argument to the jury is an important one, and harm is presumed when that right is erroneously denied."[16]

A witness may be confronted with inconsistencies between testimony and what is written in a report without offering the prior statement into evidence.[17] Here, Johnson did not lose his right to make the final closing argument. The trial court allowed defense counsel to refer to the report, but warned defense counsel not to go on a "fishing expedition" for inconsistencies or to quote from the report directly. We find no improper restrictions in Johnson's cross-examination of the undercover officer.

---

[14] *Rolader v. State*, 202 Ga. App. 134, 140 (1) (413 SE2d 752) (1991).
[15] *Parrott v. State*, 206 Ga. App. 829, 835 (5) (c) (427 SE2d 276) (1992).
[16] (Citations omitted.) *Givens v. State*, 264 Ga. 522, 523 (1) (448 SE2d 687) (1994).
[17] *Duckworth v. State*, 268 Ga. 566, 569 (1) (492 SE2d 201) (1997).

5. Johnson claims the state twice improperly put his character into issue. First, the prosecutor asked the undercover officer, "Was Edward Johnson selling drugs?" Defense counsel objected before the witness answered on the grounds that the question concerned a general propensity and did not address the two incidents with which Johnson was charged, and the trial court sustained the objection. The witness did not answer the question. No curative instructions were asked or given. Second, the prosecutor asked an investigator about his role in handling evidence, including preparation of photographic lineups. The prosecutor asked, "Whose responsibility was it to show [the undercover officer] those pictures, yours or someone else's?" In the course of his answer, the investigator said, "I pulled out the pictures of several of the people that I knew to be selling cocaine in that area." Defense counsel objected. The trial court sustained the objection and instructed the jury to ignore the response.

Johnson was not unfairly prejudiced by the foregoing. In the first exchange, the trial court sustained the objection and the question was not answered. In the second, the trial court addressed the possible prejudice by instructing the jury to disregard the investigator's comments, which in any case were made only in passing in his response to a legitimate question.[18] The trial court acted to limit improper prejudice to Johnson, and we find no error.

6. Johnson accuses the state of failing to abide by the discovery rules. The state gave approximately 50 pages of discovery material to the defense after the trial had begun. Also, the state did not identify two of its witnesses before trial, and a third witness was added to the state's witness list before trial, but after the initial witness list was given to the defense. The state is obligated to provide the defense with timely notification of evidence and witnesses.[19] Upon a showing of failure by the state to abide by the discovery rules, the trial court may order further discovery or inspection, the interview of witnesses, a continuance, or other order as it deems just under the circumstances.[20] But a remedy including the prohibition of otherwise admissible evidence was unavailable unless Johnson could show either bad faith on the part of the state or material prejudice.[21]

The two previously unlisted witnesses testified regarding the chain of custody of the cocaine. The third witness testified regarding the electronic listening device worn by the undercover officer. The trial court allowed Johnson's counsel to interview the third witness before he testified. Johnson did not ask for a pre-testimony interview

---

[18] See *Burton v. State*, 263 Ga. 725, 726-727 (2) (438 SE2d 83) (1994).
[19] OCGA § 17-16-4.
[20] OCGA § 17-16-6.
[21] Id.

of the two chain of custody witnesses, though the trial court had shown that it was willing to address Johnson's concerns, if asked. The two chain of custody witnesses testified to administrative matters. Defense counsel was familiar with one of the witnesses and did not question the other. Johnson cannot show that he was materially prejudiced by any failure of the state to abide by the discovery rules. There is no showing of bad faith on the part of the state. And the trial court showed it was willing to exercise its discretion to remedy any harm. Accordingly, any failure by the state to comply with the discovery rules does not require a reversal.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 11, 2001 —
RECONSIDERATION DENIED JANUARY 24, 2001 —

*Davis & Felton, Eugene Felton, Jr.*, for appellant.
*Kelly R. Burke, District Attorney, Amy L. Smith, Assistant District Attorney*, for appellee.