## A09A0216. TAYLOR v. THE STATE.
(679 SE2d 371)

PHIPPS, Judge.

A jury found Henry Taylor III guilty of burglary, and he was sentenced as a recidivist for that offense. On appeal, Taylor contends that the evidence was insufficient to support his conviction and that his trial counsel rendered ineffective assistance. Because Taylor has shown no merit in his contentions, we affirm.

1. We consider first Taylor's challenge to the sufficiency of the evidence. The indictment charged that on or about December 28, 2005, Taylor committed burglary when he "without authority entered[ed] into the dwelling house of [another] . . . with intent to commit a theft therein."[1]

The state presented the following evidence. The owner of the dwelling house was not at the residence at the time of the burglary, but her daughter was there. The daughter testified that on December 28, 2005, she saw a man she did not know entering the house through the side, kitchen door. She heard him use an expletive and exclaim, "Someone's here." She exited the house through the front door and saw a car parked in the driveway with another man sitting in it; she recognized neither the car nor that man. The daughter next saw in the carport the man she had seen entering the house through the kitchen door; he was holding a bottle of fabric softener and her DVD player, both of which had been in the laundry room. She also described at trial that the laundry room, kitchen, and carport were all located on the same end of the house.

The daughter recounted that she immediately called 911 and reported the matter. Within 15 minutes of placing the call, the daughter was taken by law enforcement officers to a vehicle they had stopped, where she identified one of the occupants of the car as the man who had entered the house. At trial, she identified Taylor as that man.

An investigator with the county sheriff's office who had responded to the 911 call testified that Taylor had been in the vehicle that was stopped, along with a bottle of fabric softener and a DVD

---

[1] See OCGA § 16-7-1 (a) ("A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters . . . the dwelling house of another. . . .").

player. The investigator further testified that later, while processing the residence as a crime scene, he found in the laundry room the same type of fabric softener as that recovered from the stopped vehicle. He also authenticated pictures taken during the crime scene investigation of the carport and laundry room areas, which pictures were shown to the jury. One of the pictures of the laundry room showed a bottle of fabric softener of the same brand as that found in the stopped vehicle.

Taylor was the sole defense witness. He testified that he and another man had been on a "drug binge" that day; when they approached the residence, no car was parked there; he knocked on the front and carport doors of the house, and no one answered; so, he picked up and took away fabric softener and a DVD player, which he claimed were in the carport. Taylor denied entering any part of the house, testifying that he had gone only as far as the front door and carport areas. Taylor also revealed on direct examination that he had previously been convicted of felony theft by taking in 1993 and of two home burglaries in 2000. He pointed out that he had pled guilty to every felony offense of which he had been accused, except the burglary charge for which he was then being tried, asserting that he admits to offenses that he has committed.

When an appellant challenges the sufficiency of the evidence to support his conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2] The appellant no longer enjoys a presumption of innocence, and an appellate court determines only the legal sufficiency of the evidence and does not weigh the evidence or assess the credibility of the witnesses.[3] Having reviewed the evidence in the light most favorable to the prosecution, we find no merit in Taylor's sufficiency challenge.[4]

2. Taylor contends that the trial court erred by rejecting his ineffective assistance of counsel claim.

> In order to succeed on a claim of ineffective assistance, [a defendant] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. In reviewing the trial court's

---

[2] *Selfe v. State*, 290 Ga. App. 857, 858 (1) (660 SE2d 727) (2008) (punctuation and emphasis omitted), quoting *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[3] *Segel v. State*, 293 Ga. App. 506, 507 (1) (a) (667 SE2d 670) (2008).

[4] See *Jackson*, supra.

decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.[5]

(a) Taylor asserts that his trial counsel failed to object to the admission of the photographs on the ground that the prosecution had not informed the defense about the photographs in a timely manner as contemplated by the criminal discovery statute.[6] The record reveals, however, that the attorney did object on that ground. And after hearing arguments from both sides, the trial court overruled the objection. The trial court's ruling has not been enumerated as error on appeal.

(b) Taylor claims that his trial counsel's performance was deficient because counsel failed to advise him of a plea offer of a ten-year sentence to serve four in prison. Taylor acknowledged at the new trial hearing that he had rejected a plea offer of twenty years, to serve ten; he further testified that, given his criminal history, he would have accepted a plea offer of a ten-year sentence, to serve four in prison, had his lawyer informed him of the offer. Taylor's trial lawyer did not testify at the new trial hearing.

At the new trial hearing, the state's attorney said that he did not recall ever making such an offer to Taylor. In response, Taylor's attorney acknowledged that he had not shown that such an offer had been made, then recalled Taylor's sister for that purpose. Taylor's sister testified that Taylor's trial lawyer had told her about such an offer and that he (the lawyer) "had been trying to get [Taylor] to sign a plea of ten, to serve four," but that the offer subsequently was taken off the table.

As to the existence of the alleged plea offer, Taylor's sister's testimony amounted to mere hearsay, void of any probative value whatsoever.[7] In light of the complete absence of competent evidence showing such a plea offer, this argument fails to demonstrate deficient performance as alleged.[8]

(c) Taylor argues that his trial counsel's performance was

---

[5] *Smith v. State*, 283 Ga. 237, 238 (2) (657 SE2d 523) (2008) (citations and punctuation omitted); see *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[6] See OCGA § 17-16-4.

[7] See *Wilkins v. State*, 261 Ga. App. 856, 859 (4) (583 SE2d 905) (2003) (testimony is hearsay where "the witness is repeating another's statement in order to demonstrate its truth"; evidence is hearsay when "the proponent's use of the evidence essentially asks the jury to assume that the out-of-court declarant was not lying or mistaken when the statement was made") (citations and punctuation omitted).

[8] See *Waldrip v. Head*, 279 Ga. 826, 828 (II) (A) (620 SE2d 829) (2005) (noting Georgia's long-standing rule that inadmissible hearsay lacks probative value even though the opposing party does not object to its introduction).

deficient because the attorney did not pursue psychological testing of him. At the new trial hearing, Taylor's sister testified that Taylor was diagnosed in 1994 with schizophrenia and had since been prescribed anti-depressants. Taylor testified at the hearing that he had informed his attorney before trial that he had psychological problems. But as Taylor concedes, there was no mental health expert at the motion hearing. Indeed, notwithstanding the testimony of Taylor's sister about Taylor's 1994 diagnosis and prescribed medication, there was nothing adduced at the hearing to show that psychological testing would have either aided Taylor's defense or shown his incompetence to stand trial.[9] Because Taylor's argument thus rests on speculation, it contributes nothing to the requisite showing of prejudice.[10]

(d) Taylor complains that his trial counsel was hostile, disrespectful, and demeaning toward him. As examples of such conduct, Taylor testified at the motion hearing, "He told me I was stupid for going to trial and not taking the plea of twenty, do ten, up under recidivist. And he told me, one time he told me he'd be a damn fool to believe I ain't go in the house." In addition, Taylor recounted that during the trial proceedings, he wrote a note to his lawyer asking whether his sister and mother would be called as alibi witnesses and that, in writing back to him on the note, his trial counsel called him a "mother fucker." Taylor testified that the lawyer then scratched over his profanity, apologized, and told him that he would not be calling his sister and mother to testify. The note was admitted in evidence.

Taylor asserts on appeal that his trial lawyer's actions directed toward him were "indicative of his lack of dedication to representing him." But Taylor's burden is to establish that counsel's performance was deficient and that the deficiency prejudiced the outcome of the case.[11] "[A] meaningful relationship between a defendant and his counsel is not a Sixth Amendment guarantee."[12] The cited behavior of Taylor's trial lawyer and Taylor's apparent distrust of his counsel

---

[9] See *Jennings v. State*, 282 Ga. 679, 680 (2) (653 SE2d 17) (2007); *Scott v. State*, 281 Ga. App. 106, 113 (4) (b) (635 SE2d 582) (2006) (where defendant claims ineffectiveness based on trial counsel's failure to request a psychiatric evaluation, it is not enough to show that counsel unreasonably failed to inquire into his mental state; he must also show a reasonable probability that such an evaluation would have affected the outcome at trial).

[10] See *McDaniel v. State*, 279 Ga. 801, 802 (2) (c) (621 SE2d 424) (2005); see also *Schofield v. Holsey*, 281 Ga. 809, 811 (II), n. 1 (642 SE2d 56) (2007) (it is the prejudice arising from "counsel's errors" that is constitutionally relevant).

[11] See *Strickland*, supra.

[12] *Hammonds v. State*, 218 Ga. App. 423, 424 (1) (461 SE2d 589) (1995) (punctuation omitted); see *Smith v. State*, 273 Ga. 356, 358 (3) (541 SE2d 362) (2001) (essential aim of the Sixth Amendment is to guarantee effective assistance of counsel, not to guarantee a defendant preferred counsel or counsel with whom a "meaningful relationship" can be established).

fall short of establishing a claim of ineffectiveness.[13]

(e) Taylor asserts that trial counsel failed to demand a speedy trial when he instructed him to do so, but he has made no effort to show a reasonable probability that his lawyer's alleged inaction changed the outcome of his trial. No reversible error has been shown.

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED JUNE 1, 2009.

*William P. Christian*, for appellant.
*Howard Z. Simms, District Attorney*, for appellee.

---

[13] See *Hammonds*, supra; see also *Feaster v. State*, 283 Ga. App. 417, 419 (2) (641 SE2d 635) (2007) (defendant's assertions that his trial attorney was hostile and refused to follow his instructions did not amount to a showing that the attorney had been unable or unwilling to effectively represent defendant).