## 63367. HOSE v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction for armed robbery, contending that he was forced against his will to represent himself at trial.

The defendant was arrested on March 13, 1978. He appeared in court on April 5, April 13, and April 19, 1978, and on each occasion stated that he intended to get his own attorney. Finally, on April 20, 1978, the court appointed the public defender to represent him. On June 26, 1978, when the case was called for trial, the defendant expressed dissatisfaction with the representation provided by his appointed attorney and informed the court that his "people" were going to retain private counsel for him. The court declined to continue the case for this purpose and instead directed the defendant either to accept the public defender's representation or to represent himself. When the defendant reiterated that he wanted private counsel, the court proceeded with the trial, ordering the appointed attorney to sit with the defendant during the course of the trial and to provide such assistance as the defendant requested.

When the case was initially called, appointed counsel did not announce "ready" but stated, "[B]ecause of a lack of communication I'm not prepared at this time to go ahead." However, it appears that this statement referred not to a lack of preparation but to the defendant's disinclination to cooperate with him, for in response to questioning by the court, counsel revealed that he had conferred with the defendant on no fewer than four occasions during the month preceding the trial and that he had also conferred with and subpoenaed several witnesses on the defendant's behalf. In addition, he had obtained through pre-trial discovery complete access to the state's file.

The evidence against the defendant consisted of his signed confession, introduced following a Jackson v. Denno hearing, and the eyewitness identification testimony of the victim. His defense consisted of the testimony of four alibi witnesses who maintained that he had been at a nightclub socializing with them at the time the robbery occurred. *Held:*

In *Clarke v. Zant,* 247 Ga. 194, 196 (275 SE2d 49) (1981), the Supreme Court held: "In determining whether or not an accused has adequately waived his right to counsel and elected to exercise his constitutional right to represent himself, the courts will apply the standard set forth in Johnson v. Zerbst, 304 U. S. 458 (58 SC 1019, 82 LE 1461) (1937) . . . *Taylor v. Ricketts,* 239 Ga. 501 (238 SE2d 52) (1977), applied the Johnson v. Zerbst standard that 'A waiver is

ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.' Johnson v. Zerbst, supra, at 464." The court went on to hold in *Clarke* that "in future cases, the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se. The record should also show that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel." Id. at 197. The case before us now was, of course, tried before *Clarke* was handed down.

Although the defendant in this case never actually expressed a desire to represent himself, we find ample basis for a conclusion that he knowingly and intelligently chose to do so. It would appear from the record that he was well aware of his right to appointed counsel, since counsel had in fact been appointed for him more than two months prior to the trial and since this counsel continued to be available to him throughout the trial. What the defendant actually wanted, of course, was to be represented instead by a private attorney. However, an accused who has had an adequate opportunity to secure private counsel prior to trial and who is represented by a competent appointed attorney when the case is called is not entitled to a continuance on this ground. See, e.g., *Clark v. State,* 159 Ga. App. 438 (1) (283 SE2d 666) (1981). There is no question in this case that the attorney appointed to represent the defendant was competent, and it appears from the record that he was in fact prepared to try the case. By refusing to be represented by this attorney while insisting that he did not want to represent himself, the defendant's evident purpose was to force a continuance to which he was not entitled by law. Under these circumstances, and in light of the fact that appointed counsel continued to be available to him throughout the course of the trial, we hold that the defendant's actions amounted to a knowing and voluntary decision to represent himself. Furthermore, in light of the strength and simplicity of the state's evidence, we find it extremely unlikely that his conviction was attributable to this decision.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 24, 1982.

*Charles R. Floyd, Jr., Amy W. Stewart,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin*

*H. Oehlert III, Tom Hayes, Assistant District Attorneys,* for appellee.