## 67792. WILLIAMS v. THE STATE.

BIRDSONG, Judge.

Albert Williams was convicted of burglary and sentenced to serve ten years. He brings this appeal enumerating a single alleged error. *Held:*

Williams was apprehended in the act of burglarizing a store. He was taken from the scene to jail where, following appropriate warnings, he executed a statement admitting the burglary. The burglary occurred on January 7, 1983. Williams was arraigned on that same day, and counsel was appointed for him on January 10. An indictment was returned on February 22. A review of the record makes it apparent that appointed counsel had consulted with Williams and prepared a defense. The case was called for trial on March 29, 1983.

On the morning of trial, both parties announced ready and a jury was selected. The parties stipulated that a unanimous verdict could be rendered by less than the twelve selected jurors in the event of illness or for other valid reason. Counsel appointed for Williams invoked the rule of sequestration. Thereafter, the state called a

Jackson-Denno hearing to establish the voluntariness of appellant's out-of-court statement. Counsel for Williams conducted extensive cross-examination and objected to the admission of the statement. The court after hearing the evidence and arguments, overruled the objections thereto and found the statement voluntary and admitted it as evidence for the jury.

Only at this point, some two months after appointment of counsel and two-and-one-half hours after the trial had started did Williams announce that he could not work with his appointed counsel and did not wish the appointed counsel to represent him in any capacity. Williams requested new counsel or a delay in order to obtain the services of counsel of his own choosing. In response to the court's inquiry as to why he had waited over two months to register a complaint, Williams stated that he had been informed by others that his appointed counsel was capable and he (Williams) should "go with him." It was only now that Williams realized that he could not work with this lawyer.

Initially, the trial court refused any delay, and informed Williams that he could proceed pro se with the help of the appointed counsel or he would have to accept the services of appointed counsel. Williams convinced the trial court that a new counsel could be obtained on short notice and the court delayed the trial for two hours for that purpose. At the end of the two-hour period, Williams acknowledged he did not have an attorney nor did he know of one who would take his trial on short notice. Nevertheless, Williams insisted on time to select new counsel, refused to defend himself, or to allow appointed counsel to make any defense at all in his behalf. The court refused further delay and once again offered Williams the right to defend himself pro se with the help of appointed counsel or to accept the services of appointed counsel. Williams adhered to his refusal to defend himself or to accept any services of the appointed counsel and requested to be returned to his cell (apparently to stop the proceedings). The trial court allowed Williams to go out of the courtroom and remain outside in the hall. Williams left and reentered the room only once and then for the purpose of instructing personally the appointed attorney that he (the attorney) was not to make any statements, arguments or other activities in the trial on behalf of the defendant. The trial court specifically authorized Williams' reentry to the courtroom at any time to participate in a defense (either pro se or with counsel). Williams voluntarily remained outside the courtroom throughout the remainder of the trial. The court permitted the appointed counsel, in accordance with Williams' specific instructions, not to make any statements or arguments on behalf of Williams. However, the court directed appointed counsel to

remain in the court and protect Williams' trial rights insofar as was possible under the limitations imposed by Williams but expressly directed appointed counsel to exercise his best judgment in entering appropriate objections to evidence offered by the state. Appointed counsel did in fact make objections requiring rulings by the trial court, but did not otherwise make a statement or argument. At the close of the state's evidence, a deputy was sent to the hall to inform Williams that the state had completed its case and that he had the right to offer a defense. Williams refused to enter the courtroom or to offer any evidence. Thereafter the state made its closing argument, the jury was charged, and the verdict of guilty entered.

Based upon the foregoing, Williams through newly appointed appellate counsel argues that though Williams had the right to waive counsel and proceed pro se, the trial court erred in failing affirmatively on the record to ascertain that Williams' rejection of appointed counsel and waiver of legal representation was voluntarily and intelligently made and further in failing to warn Williams of the dangers and disadvantages of proceeding pro se.

We find no fault with the fundamental principles advanced by appellant. It is clear that a defendant facing serious charges has a right to representation by counsel. Argersinger v. Hamlin, 407 U. S. 25 (92 SC 2006, 32 LE2d 530). Nor is there doubt that a defendant may waive his right to legal representation and proceed pro se. *Frasier v. State,* 160 Ga. App. 812 (287 SE2d 669). Moreover, where an accused proceeds pro se, the record should show that the trial court warned appellant of the dangers and disadvantages of that course so that the record will show that appellant made his decision with "open eyes." Faretta v. California, 422 U. S. 806 (95 SC 2525, 45 LE2d 562).

Our problem with these contentions is that we find no application of these principles to the factual situation facing this trial court. Williams did not proceed pro se. He refused to represent himself in any manner. The court was caught on the horns of a dilemma apparently deliberately created by Williams. In order to afford the best protection possible under the stringent limitations imposed by Williams, the trial court required counsel to remain in the courtroom throughout the trial and exercise his best professional discretion in entering objections to objectionable matters in spite of the attitude displayed by Williams.

As we view this record, the trial court literally "leaned over backward" in the exercise of its duties to protect and balance the rights of the public (state) to a just and speedy determination of a criminal matter (see *State v. Lively,* 155 Ga. App. 402, 404-405 (270 SE2d 812)) against the rights of the criminal defendant to a

well-prepared defense monitored by legal counsel acceptable to the defendant.

In judging the reasonableness of the trial court's actions, we begin with the proposition that a criminal defendant will not be permitted to use the discharge of counsel and employment or appointment of another as a dilatory tactic in postponing or avoiding trial of the issue. *Pope v. State,* 140 Ga. App. 643, 646 (231 SE2d 549).

We acknowledge that all criminal defendants have a constitutional right to be defended by counsel of their own choosing whenever such counsel may reasonably be secured. *Delk v. State,* 100 Ga. 61 (27 SE 152); *Long v. State,* 119 Ga. App. 82 (166 SE2d 365). However, an indigent criminal defendant does not have an absolute right to discharge one court-appointed counsel and have another substituted in his place. A request of this sort addresses itself to the sound discretion of the trial court. *Crawford v. State,* 232 Ga. 71 (205 SE2d 276). Moreover, just as other constitutional and statutory rights may be waived intelligently by an accused (*Jones v. Mills,* 216 Ga. 616 (118 SE2d 484)) so too, we believe the constitutional guaranties of counsel of choice may be waived by action or declaration. See *Williams v. Gooding,* 226 Ga. 549 (176 SE2d 64); *Bradley v. State,* 135 Ga. App. 865, 866 (219 SE2d 451).

As we view Williams' acts and declarations at his trial, we conclude that Williams consciously sought to avoid trial by suddenly disagreeing with counsel who had represented him for two months. Williams *was* represented by counsel but under restraints imposed by Williams himself. Under such circumstances we conclude that a fuller representation by counsel was consciously waived by Williams and resulted in no prejudice to his constitutionally guaranteed rights to representation by counsel of his own choosing or one agreeable to himself. Thus the trial court did not abuse its discretion in requiring the trial to proceed with appointed counsel giving such assistance as was possible under the circumstances. See *Hose v. State,* 161 Ga. App. 401 (288 SE2d 675). We find no merit in the error assigned by the appellant.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 14, 1984.

*Walter E. Van Heiningen,* for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney,* for appellee.