## A96A2386. COTTON v. THE STATE.
(477 SE2d 425)

ANDREWS, Judge.

Hubbard Lee Cotton appeals from the judgment of conviction entered on a jury verdict finding him guilty of robbery by sudden snatching and possession of cocaine.

1. There is no merit to Cotton's claim that the evidence was insufficient to support the convictions.

The State presented testimony from a bank teller who identified Cotton as the man who approached her in the bank, handed her a note telling her to give him money, then snatched $3,646 of the bank's money from the teller and left. The police officers who arrested Cotton shortly after the robbery testified that they chased and apprehended Cotton and found most of the stolen money stuffed in Cotton's sock and hidden under a nearby bush. The State also introduced a statement Cotton gave to police officers in which he admitted robbing the bank.

As to the possession of cocaine charge, after Cotton was taken from the rear seat area of the police car where he was placed upon arrest, police found a small plastic bag containing a white chunky substance under the rear seat. The substance was later identified by the state crime lab as less than one gram of crack cocaine. The police officer who arrested Cotton and drove the car testified that, prior to the start of his shift, he removed the rear seat of the car and searched the rear seat area and confirmed that there were no items or substances of any kind in that area at the start of the shift. The officer testified that Cotton was the first person placed in the rear seat area of the car during the shift. Prior to being placed in the rear seat area of the car, Cotton was handcuffed and given a cursory pat-down search for weapons, but he was not thoroughly searched for smaller items. Immediately after Cotton was removed from the rear seat area of the car, the officer again removed the rear seat of the car and found the bag containing the cocaine under the rear seat. The officer testified that the cursory pat-down search of Cotton would not have revealed such a small amount of cocaine concealed on his person and that it was possible for Cotton, while handcuffed, to remove the bag of cocaine from his person and stuff it under the rear seat. This evidence was sufficient to allow the jury to conclude that the cocaine found under the rear seat was cocaine Cotton had on his person when he was arrested.

The evidence was sufficient for the jury to conclude beyond a reasonable doubt that Cotton was guilty of both charged offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Cotton claims the trial court violated his Sixth Amendment right to counsel by relieving his court-appointed attorney during the

course of the trial and forcing him to proceed pro se.

During the second day of the two-day trial, Cotton informed the trial court that he was dissatisfied with the services of his court-appointed attorney and no longer wanted to be represented by him. The only reason given by Cotton was that he was dissatisfied with the fact that, prior to trial, his court-appointed attorney had discussed with him the possibility of a negotiated guilty plea. The trial court asked Cotton if he wanted to represent himself, and Cotton replied that he did not want to represent himself but wanted to get another attorney. The trial court refused to appoint Cotton another attorney and refused Cotton's request that he be given time to hire another attorney. The trial court informed Cotton that there would be no continuance, that the trial would continue, and that he could either be represented by his court-appointed attorney, or he could proceed pro se. The trial court also informed Cotton that he would be taking a serious risk by proceeding without an attorney. Cotton insisted that he would not continue with the court-appointed attorney and that he wanted another attorney and would not go on with the trial without an attorney. At that point, Cotton's court-appointed attorney moved the trial court to be relieved from representing Cotton. The trial court granted the motion, but instructed the court-appointed attorney to stay in the courtroom.

The trial resumed, and the State presented two additional witnesses and rested. When the trial court asked Cotton if he had any objection to documents tendered by the State during direct examination or wanted to conduct cross-examination, Cotton stated that he was not an attorney and refused to participate. After each witness testified, the trial court asked Cotton if he would like for the court-appointed attorney, who remained in the courtroom, to cross-examine the witness. Cotton refused stating that he would not allow the court-appointed attorney to represent him. After the State rested, the trial court asked Cotton if he wanted to call any witnesses or testify in his own behalf. After Cotton refused to respond to the trial court's questions, the trial court announced that the evidence was closed. Cotton refused to give a closing argument in his own behalf and refused to allow the court-appointed attorney to give one for him.

The trial court did nothing to deprive Cotton of his Sixth Amendment right to counsel. Although Cotton had a right to be represented by counsel, he did not have an absolute right to discharge his appointed counsel in mid-trial and demand that the trial court either appoint him another attorney or allow him to hire another attorney. *Williams v. State*, 169 Ga. App. 812, 815 (315 SE2d 42) (1984). There was no evidence of any problem that prevented appointed counsel from presenting an adequate defense on behalf of Cotton. The essen-

tial aim of the Sixth Amendment is to guarantee effective assistance of counsel, not to guarantee a defendant preferred counsel or counsel with whom a "meaningful relationship" can be established. *Wheat v. United States*, 486 U. S. 153, 159 (108 SC 1692, 100 LE2d 140) (1988); *Morris v. Slappy*, 461 U. S. 1, 13-14 (103 SC 1610, 75 LE2d 610) (1983).

The record does not support Cotton's claim that the trial court deprived him of counsel or forced him to proceed pro se. Rather, the evidence shows that Cotton consciously engaged in an effort to delay his trial by attempting, without any justifiable reason, to obtain substitute counsel in mid-trial. This amounted to a waiver by Cotton of his right to be represented by counsel. *Williams*, supra at 815. The trial court did not abuse its discretion in refusing to allow Cotton to substitute counsel and in requiring the trial to proceed with the continuing offer of assistance from appointed counsel. Id. Since Cotton did not elect to proceed pro se, but refused to represent himself and demanded substitute counsel, there was no necessity for the trial court to warn Cotton of the dangers and disadvantages of self-representation. Id. at 814-815.

3. Cotton claims the trial court should have excluded his statement admitting the robbery because it was involuntarily made as the result of promises of benefit made to him by the police. See OCGA § 24-3-50. At the hearing held to determine the voluntariness of the statement, the police officers who took the statement testified that they made no promises of any kind to Cotton. Cotton testified at the hearing that the police officers promised him unspecified help at trial if he would give them the statement. On cross-examination, Cotton testified that nothing said to him by the officers induced him to make the statement proffered by the State because he never made any such statement. The trial court's factual determination that the statement was voluntarily given and not induced by promises was supported by a preponderance of the credible evidence, was not clearly erroneous, and, therefore, will not be disturbed on appeal. *Autry v. State*, 210 Ga. App. 150, 151 (435 SE2d 512) (1993). The trial did not err by admitting the statement.

4. There is no support in the record for Cotton's claim that the jury was allowed to see him in handcuffs and shackles. Accordingly, there is no support for the claim that this had a prejudicial effect on the jury requiring a new trial. See *Rhodes v. State*, 264 Ga. 123, 124 (441 SE2d 748) (1994).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED OCTOBER 22, 1996.

*Sharon J. S. Whitwell*, for appellant.

*Tommy K. Floyd, District Attorney, Marie R. Banks, Assistant District Attorney*, for appellee.