## A96A2153. STOCKS v. THE STATE.
(481 SE2d 230)

BEASLEY, Judge.

Stocks appeals his convictions of two counts of aggravated assault (OCGA § 16-5-21 (a) (2)) and one count of possession of a firearm by a convicted felon (OCGA § 16-11-131).

At Stocks' February 18, 1994 arraignment, attorney Finster was appointed to represent him as he was indigent. On March 11, a bench warrant was issued for Stocks' arrest because of his failure to answer the call of the case. He surrendered to law enforcement authorities in August.

When the case was called on August 25, Stocks stated he no longer wanted to be represented by Finster because counsel had indicated to him that he could not win the case and that the prosecuting attorney was going to "fry" him because of his past. Finster denied he had told Stocks he could not win the case, but he did state that he and Stocks had discussed the State's notice of similar transactions (which included a prior murder conviction). Stocks informed the court that although he did not question Finster's competence, he wanted a lawyer who would pursue his defense more vigorously, and he requested a two-day continuance in order to obtain another lawyer. The court denied the continuance, stating that Finster was qualified to represent Stocks, that he had put considerable time into the case, and that Stocks had had adequate time prior to trial to retain another attorney if he so desired. The court told Stocks the trial would begin the following morning, and that his basic choices were to be represented by Finster or to represent himself. Stocks was incarcerated during this period.

At the beginning of the proceedings the next day, Stocks stated he wanted to defend himself, that he was competent to do so, that no one could represent him better than he could, and that he had devised his trial strategy. After the court made Stocks aware of his right to counsel, of the dangers of proceeding without counsel, and of the charges against him and the possible sentences, it granted his request. Finster was instructed to remain at the defense table and act as Stocks' advisor. The court stated that Finster was not to act as co-counsel but was to answer questions which Stocks might have on procedural matters.

Rose Page and Faye Morton were the victims of Stocks' aggravated assaults. Rose is the mother of Stocks' former wife Debra, and Faye is Debra's sister. On the day in question, Rose, Debra, and Faye intended to take a walk, when Stocks appeared. In a bad mood, he approached Rose and told her he was tired of her meddling in his business. He said he was going to put a stop to it, pulled a handgun out of his pocket, pointed it at her chest, and threatened to kill her.

When Faye went to call the police, Stocks confronted her, pointed the gun at her head, and said he did not give a damn about her either.

Police officer Stone went to the scene and found Stocks there. Having been advised that Stocks might be in possession of a weapon, Stone did a pat-down and found five live rounds of ammunition in his pants pocket. He immediately asked Stocks if he had a weapon, and he said he had shown one earlier because he wanted them to know he meant business. He also said he had unloaded the weapon and given it to a passerby. He was then arrested and placed in the patrol car while Stone and another officer searched the area for weapons, unsuccessfully.

1. Stocks contends that Finster was ineffective in the legal assistance he provided prior to trial. See *Mullins v. Lavoie*, 249 Ga. 411 (290 SE2d 472) (1982).

He complains of counsel's failure to engage in plea bargaining with the prosecuting attorney. Counsel, however, testified that on two occasions he had asked Stocks if there was any reason to discuss a plea bargain with the prosecuting attorney, and each time Stocks had indicated to him that he did not want to plead guilty.

Stocks also complains of counsel's failure to move to suppress his statement to Officer Stone, premised on the ground that Stocks' statement to the officer arose out of a custodial interrogation and was therefore inadmissible because it was not preceded by *Miranda* warnings. Stocks made this statement prior to his arrest in response to the officer's inquiry concerning whether he had a weapon and after the officer found live ammunition in Stocks' pocket during a search for weapons. This is not the sort of "in-custody interrogation" forbidden by *Miranda* without warnings. *Quinn v. State*, 209 Ga. App. 480, 482 (2) (433 SE2d 592) (1993); compare *Jefferson v. State*, 217 Ga. App. 747, 750 (1) (a) (459 SE2d 173) (1995); *D'Anna v. State*, 201 Ga. App. 731, 732 (1) (412 SE2d 857) (1991). Such a statement was thus not subject to discovery under former OCGA § 17-7-210. *Jordan v. State*, 166 Ga. App. 417, 419 (2) (304 SE2d 522) (1983).

Stocks has not carried his burden of showing that counsel's pretrial representation was deficient. See *Jefferson v. State*, supra at 749 (1); *Johnson v. State*, 214 Ga. App. 77 (1) (447 SE2d 74) (1994).

2. The court did not abuse its discretion in denying Stocks' request for a two-day continuance in order to retain private counsel. OCGA §§ 17-8-20; 17-8-22; *Patterson v. State*, 202 Ga. App. 440, 441 (1) (414 SE2d 895) (1992); *Hose v. State*, 161 Ga. App. 401 (288 SE2d 675) (1982).

The court was authorized to find that Stocks had an adequate opportunity to secure private counsel prior to trial and was represented by a competent appointed attorney when the case was called. Compare *Hasty v. State*, 210 Ga. App. 722, 723 (1) (437 SE2d 638)

(1993). "[A] criminal defendant will not be permitted to use the discharge of counsel and employment or appointment of another as a dilatory tactic in postponing or avoiding trial of the issue. [Cit.]" *Williams v. State*, 169 Ga. App. 812, 815 (315 SE2d 42) (1984).

3. The record reflects that Stocks, no stranger in the courtroom, validly waived his right to counsel and elected to represent himself with counsel acting as his advisor. See *Callahan v. State*, 175 Ga. App. 303 (333 SE2d 179) (1985); *Hose*, supra; compare *Butler v. State*, 198 Ga. App. 217, 220-221 (1) (b) (401 SE2d 43) (1990).

4. The court did not err in failing to conduct, sua sponte, a *Jackson v. Denno* hearing to determine the admissibility of Stocks' statement to Officer Stone. See *Hudson v. State*, 250 Ga. 479, 485 (6) (299 SE2d 531) (1983). There is no merit in Stocks' argument that this statement was inadmissible because he was not given *Miranda* warnings. See Division 1.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 17, 1997 —
RECONSIDERATION DENIED JANUARY 31, 1997.

*Cook & Connelly, Todd M. Johnson*, for appellant.

*Ralph L. Van Pelt, Jr., District Attorney, Michael J. Moeller, Assistant District Attorney*, for appellee.