A02A0154. MIDDLEBROOKS v. THE STATE.
(566 SE2d 350)

ANDREWS, Presiding Judge.

Derrick Middlebrooks was found guilty by a jury of selling cocaine in violation of the Georgia Controlled Substances Act. For the reasons stated below, we find no error and affirm the judgment of conviction.

1. The evidence was sufficient to support the guilty verdict. A police officer testified that while operating undercover she saw Middlebrooks sell crack cocaine in her presence. An informant who was working with the officer testified that Middlebrooks sold her crack cocaine. The substance sold by Middlebrooks tested positive at the State Crime Lab for less than one gram of cocaine. Middlebrooks testified and denied selling any cocaine to anybody. The evidence viewed in the light most favorable to the jury's verdict was sufficient for a rational trier of fact to find Middlebrooks guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Middlebrooks claims his trial counsel was ineffective on various grounds.

(a) He claims trial counsel improperly placed his character into evidence by making reference to the fact that he was in jail at the time of the trial. Because this claim was not raised by new appellate counsel for Middlebrooks at the earliest practicable time in the motion for new trial, it was waived and cannot be raised for the first time on appeal. *Glover v. State*, 266 Ga. 183, 184 (465 SE2d 659) (1996). In any event, evidence that an accused is in jail in connection with the case at issue does not place his character into evidence. *Ferrell v. State*, 198 Ga. App. 270, 272 (401 SE2d 301) (1991), overruled on other grounds, *Watts v. State*, 274 Ga. 373, 374-375 (552 SE2d 823) (2001).

(b) He claims trial counsel was unprepared for trial in two respects — counsel failed to impeach a witness for the State with evidence of arrests and convictions, and counsel failed to use the arrest affidavit in this case to show the police officer gave inaccurate testimony about the sale of cocaine. As to the first claim, the witness denied that she had engaged in any criminal activity or had any convictions, and Middlebrooks failed to produce any evidence at trial or at the hearing on the motion for new trial that any such arrests or convictions existed. As to the second claim, the affidavit in support of the arrest warrant is not a part of the record on appeal, so we are unable to address this contention. But even if the officer's affidavit states that the cocaine was sold to her, and she testified at trial that the cocaine was sold in her presence, the failure of trial counsel to bring this inconsistency to the attention of the jury would not warrant reversal of the conviction. Given the testimony from the informant that Middlebrooks sold cocaine to her, we find there would have been no reasonable probability that the outcome of the trial would have been different but for counsel's deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

3. There is no merit to Middlebrooks's claim that the trial court improperly commented on the evidence or the guilt of the accused on two occasions during the trial in violation of OCGA § 17-8-57.

On the first occasion, a witness for the State referred to a house "that I later purchased from." In an attempt to clarify the testimony, the trial court asked the witness if she meant that was the house where the drugs were purchased, and the witness responded, "Yes." This was not an improper comment on the testimony.

The second occasion concerned instructions given by the trial court to the jury after the jury returned a verdict finding Middlebrooks guilty of selling cocaine as charged in the indictment and also guilty of the lesser included offense of possession of cocaine. The trial court instructed the jurors that, even if Middlebrooks possessed the cocaine to sell it, they could not enter a guilty verdict for both offenses; that if they found Middlebrooks was guilty of one of these offenses, they had to choose which one. The jury returned to deliberations and came back with a guilty verdict for selling cocaine. These instructions properly informed the jury that, if the evidence authorized it, they could convict Middlebrooks of either offense but not both. *Thomas v. State*, 261 Ga. 854, 856 (413 SE2d 196) (1992). There was no improper comment on the guilt of the accused.

4. Contrary to Middlebrooks's contention, the jury's initial verdict finding him guilty of both selling and possessing cocaine did not act as an acquittal on the charge of selling cocaine. As set forth in Division 3, supra, the trial court properly instructed the jury on their options for reaching a proper verdict. *Thomas*, 261 Ga. at 856. The second verdict finding Middlebrooks guilty of selling cocaine was based on the evidence and proper instructions from the court. *Tyson v. State*, 184 Ga. App. 309, 311 (361 SE2d 386) (1987).

5. Middlebrooks claims the trial court erred when it denied him a continuance prior to trial so that he could replace his appointed trial counsel with hired counsel.

Immediately before the jury was brought in on the first day of trial, Middlebrooks moved for a continuance so that he could attempt to hire trial counsel to replace his appointed counsel. He gave no reason why he could not be adequately represented by his appointed counsel, indicated he did not presently have money to hire counsel, but said he needed more time to do so. The record shows that Middlebrooks had over a year prior to the trial to hire his own attorney. Whether or not to grant a continuance under these circumstances is in the discretion of the trial court, and denial of a continuance is proper where the defendant has negligently failed to employ counsel promptly or where it appears the motion is a tactic for delay. *Jordan v. State*, 247 Ga. App. 551, 555 (544 SE2d 731) (2001); *Sanders v.*

*State*, 245 Ga. App. 701-702 (538 SE2d 772) (2000). The trial court did not abuse its discretion by denying the motion.

6. On the second day of trial, Middlebrooks moved for the trial court to discharge his appointed counsel and appoint new counsel because he had lost confidence in his attorney after the attorney allegedly used a racially derogatory term. He claims the trial court erred by denying the motion.

Middlebrooks told the trial court that, several days prior to the trial, appointed counsel used a racially derogatory term in his presence that was directed toward other persons. He testified that since that time it was "kind of hard" to be represented by the attorney, and he was having a hard time feeling confident about the attorney. Middlebrooks did not mention this when he moved for a continuance to hire a new attorney on the first day of trial. A request to discharge one appointed counsel and have another substituted in his place is addressed to the sound discretion of the trial court. *Williams v. State*, 169 Ga. App. 812, 815 (315 SE2d 42) (1984). There was no evidence that the remark caused a problem that prevented appointed counsel from presenting an adequate defense on behalf of Middlebrooks. Just because Middlebrooks experienced distrust or loss of confidence in his appointed counsel did not entitle him to new counsel or show that counsel could not provide him with effective representation. *Hammonds v. State*, 218 Ga. App. 423-424 (461 SE2d 589) (1995). The Sixth Amendment right to counsel guarantees effective assistance of counsel, not preferred counsel or counsel with whom a meaningful relationship can be established. Id.; *Cotton v. State*, 223 Ga. App. 288, 289-290 (477 SE2d 425) (1996). The trial court did not abuse its discretion by denying the motion.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED MAY 24, 2002.

*Sullivan & Sturdivant, Harold A. Sturdivant, Michele W. Ogletree*, for appellant.

*William T. McBroom III, District Attorney, Robert H. English, Assistant District Attorney*, for appellee.