## A02A0509. THOMAS v. THE STATE.
### (567 SE2d 72)

JOHNSON, Presiding Judge.

Curtis Thomas was convicted of aggravated assault, possessing marijuana, reckless driving, fleeing from a police officer, driving with a suspended license, driving with no proof of insurance, and failing to report a collision with an unattended vehicle. He appeals, challenging the sufficiency of the evidence supporting the aggravated assault conviction, the court's denial of his request for a continuance in order to hire an attorney to replace his appointed counsel, and the court's imposition of a felony sentence for the indicted misdemeanor of fleeing from an officer. Thomas' challenges to the sufficiency of the evidence and the denial of a continuance are without merit. But his challenge of the felony sentence for the misdemeanor offense of fleeing from an officer is meritorious. We therefore affirm Thomas' convictions, but vacate his sentence for the fleeing from an officer conviction, and remand the case with direction that he be resentenced on that misdemeanor conviction.

Construed in favor of the jury's verdict, the evidence shows that on September 30, 2000, a police officer was on patrol in Columbus. He saw a car with two occupants run through a stop sign. The officer activated the blue lights and siren on his police car and pursued the vehicle. Initially, the driver of the car did not stop, but eventually he pulled the car over on a dead-end street.

The officer stopped behind the car and got out of his patrol car. The officer told the driver to turn off the car and told both the driver and his passenger to put their hands on the car roof. Neither of the car occupants complied with the order to put their hands up, and the driver refused to turn off the car. The driver then quickly turned the car around and accelerated toward the officer at a high rate of speed. The officer ran behind his patrol car to avoid being hit.

As the car sped away, the officer got back into his car, called for help, and chased the vehicle. Other police officers joined the chase, during which the driver of the fleeing vehicle ignored several traffic lights and reached speeds of 50 mph. He eventually drove into a parked car and careened into a tree.

The two occupants of the wrecked car fled on foot. After a brief chase, officers captured the driver, who was later identified as Thomas. The officer who first stopped Thomas searched him and found six small bags of marijuana in his pants pocket. The officer

also discovered through a computer check that Thomas' driver's license was suspended, and Thomas could not produce proof of insurance.

1. A person commits aggravated assault when he assaults with a deadly weapon or any object, device, or instrument which, when used offensively against a person, is likely to result in serious bodily injury.[1] While an automobile is not per se a deadly or offensive weapon, it may become one depending on the manner in which it is used.[2] The question of whether an automobile has been used in such a manner so that it constitutes a deadly or offensive weapon is a matter for the jury's determination.[3]

In the instant case, the officer testified that Thomas drove the car toward him at a high rate of speed, that he ran to the back of his patrol car to get out of the way of the oncoming vehicle, and that if he had not gotten out of the way, the car would have hit him. Based on this evidence, the jury was authorized to determine that Thomas intentionally used the car in such a manner that it became a deadly or offensive weapon. Having reviewed the evidence in the light most favorable to the verdict, we find sufficient evidence from which the jury could have found Thomas guilty beyond a reasonable doubt of aggravated assault.[4]

2. Thomas complains that the court should have granted him a continuance so he could hire an attorney to replace his appointed counsel. His complaint is not supported by the record, which reveals that Thomas applied for an appointed attorney because he could not afford to hire one. On October 31, 2000, the court granted the application, finding that Thomas was indigent and ordering that the Public Defender of Muscogee County represent him. On November 17, 2000, an attorney from the public defender's office filed numerous discovery requests and motions on behalf of Thomas and later filed his entry of appearance as the attorney of record.

The case was called for trial on March 7, 2001, and Thomas appeared with his appointed counsel. Thomas initially told the court that he was satisfied with the way his attorney was representing him. But then just before the trial was to begin, he told the court he needed another attorney and that his mother said she would get him one. The judge, noting that Thomas had failed to hire a private lawyer during the six months prior to trial, denied a continuance for that purpose.

A criminal defendant is not entitled to a continuance for the pur-

---

[1] OCGA § 16-5-21 (a) (2).
[2] *Spaulding v. State*, 185 Ga. App. 812, 813 (1) (366 SE2d 174) (1988).
[3] Id.
[4] *Durrance v. State*, 250 Ga. App. 185, 187 (2) (549 SE2d 406) (2001).

pose of replacing his appointed counsel with private counsel if he is represented by a competent appointed attorney when his case is called for trial, and he has had an adequate opportunity to secure private counsel in place of his appointed attorney prior to trial.[5] In the current case, Thomas has not claimed, let alone shown, that his appointed attorney was incompetent. On the contrary, it is apparent from the record that Thomas was represented by competent counsel who filed motions, objected to evidence at trial, cross-examined witnesses, and argued on Thomas' behalf. In fact, Thomas confirmed his counsel's competence when he told the court before trial that he was satisfied with his attorney's representation.

Not only was Thomas represented by competent appointed counsel, but he also had ample opportunity to secure private counsel during the many months prior to his trial. Because Thomas failed to take advantage of that opportunity and because he was represented by competent appointed counsel when the case was called for trial, the court did not err in refusing to grant a last-minute continuance so Thomas could hire a different lawyer.[6]

3. The trial court gave Thomas a felony sentence of five years on his conviction of fleeing from an officer. Thomas correctly asserts that this sentence is improper because he was indicted for, and found guilty of, only a misdemeanor offense of fleeing from an officer.

It is a misdemeanor for a driver to flee, elude, or fail to stop when a police officer signals the driver to stop.[7] But a driver commits a felony only if he flees from an officer in an attempt to escape arrest for a felony *and* he drives more than 30 mph over the speed limit, collides with another vehicle or pedestrian, flees in traffic conditions which place the general public at risk of serious injuries, or leaves the state.[8] In the instant case, Thomas was indicted for the misdemeanor offense of fleeing from an officer in that he refused to stop his car after the officer signaled him to stop and he committed this offense while trying to escape arrest for a felony. Count 6 of the nine-count indictment specifically alleges:

> And the GRAND JURORS, aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse Curtis Thomas with the offense of Fleeing or Attempting to Elude a Police Officer in that the said accused, in the State of Georgia and County of Muscogee, on the 30th day of Sep-

---

[5] *Hose v. State*, 161 Ga. App. 401, 402 (288 SE2d 675) (1982).
[6] See *Stocks v. State*, 224 Ga. App. 433, 434-435 (2) (481 SE2d 230) (1997) (criminal defendant not permitted to discharge counsel and employ another as tactic to delay trial).
[7] OCGA § 40-6-395 (a); *State v. Tiraboschi*, 269 Ga. 812 (504 SE2d 689) (1998).
[8] OCGA § 40-6-395 (b) (5) (A); *State v. Tiraboschi*, supra at 812-813.

tember, 2000, the defendant refused to bring his vehicle to a stop while being pursued by a police vehicle after having been given a visual or audible signal to stop. The state further alleges that the defendant committed this offense while attempting to escape arrest for a felony, to-wit: possession of marijuana with intent to distribute, contrary to the laws of said State, the good order, peace and dignity thereof.

The state concedes in its brief that this count of the indictment does not contain all the elements needed to establish the felony offense of fleeing from an officer because it fails to allege that Thomas drove more than 30 mph over the speed limit, collided with another vehicle or a pedestrian, fled in traffic conditions which placed the general public at risk, or left the state. Nevertheless, the state argues that the omission of language which elevates a fleeing offense from a misdemeanor to a felony did not prejudice Thomas.

The state's lack of prejudice argument is unpersuasive given that Thomas has been ordered to serve a felony sentence for a misdemeanor offense. Moreover, the state has not cited any law to support its position that a person can be indicted for a misdemeanor, tried under that misdemeanor indictment, found guilty of that charged misdemeanor offense, and then be sentenced for a felony rather than a misdemeanor.

On the contrary, a conviction under a simple misdemeanor indictment cannot be turned into a felony at the sentencing stage of the trial.[9] Since Thomas was indicted only for a misdemeanor offense, the trial court erred in imposing a felony sentence of five years for an offense that carries a maximum sentence of twelve months.[10] Accordingly, the felony conviction on the charge of fleeing from an officer is hereby vacated, and the case is remanded to the trial court with direction that it resentence Thomas for the misdemeanor offense.

*Judgment affirmed in part, vacated in part and case remanded with direction. Blackburn, C. J., and Miller, J., concur.*

DECIDED JUNE 13, 2002.

*John R. Mobley II,* for appellant.

---

[9] *Darty v. State,* 188 Ga. App. 447, 448 (373 SE2d 389) (1988).
[10] OCGA § 40-6-395 (b) (1).

*J. Gray Conger, District Attorney, Melvin E. Hyde, Jr., Assistant District Attorney, for appellee.*