**SECOND DIVISION
BARNES, P. J.,
ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**November 26, 2012**

# In the Court of Appeals of Georgia

A12A0922. WILLIAMS v. THE STATE.

BARNES, Presiding Judge.

Wesley Scott Williams entered guilty pleas for two counts of rape under two separate indictments for related incidents involving two minor victims, his stepdaughter and her friend. He was sentenced to two concurrent life sentences. Williams now appeals, pro se, the denial of his motion to withdraw his guilty plea. Following our review, we affirm.

We note as an initial matter that William's appellate brief consists of three handwritten, unnumbered pages which do not comport with the rules of this Court. The first paragraph contains a purported statement of the case and the facts. Thereafter, Williams lists three errors, although they are not denominated as such, and on page two he appears to set forth arguments related to the errors. The arguments,

however, are all intertwined into one all-embracing diatribe about the events below, interspersed with what could loosely be termed arguments, although they do not reference any specific error nor are they supported by any meaningful legal authority. See Court of Appeals Rules 22, 23, 27. Particularly frustrating in Williams' case is the fact that he had been appointed appellate counsel to represent him on the motion to withdraw his guilty plea. Williams' motion to dismiss his appellate attorney was granted on December 19, 2011, after counsel timely filed the notice of appeal from the denial of Williams' motion to withdraw his guilty plea.

> [T]he rules of this court are not intended to provide an obstacle for the unwary or the pro se appellant. Briefs that do not conform to the rules regarding enumerations of error, structure of briefs, argument, or citation of authorities, as [Williams'] fails to do, are not merely an inconvenience or grounds for refusing to consider a party's contentions. Such briefs hinder this court in determining the substance and basis of an appellant's contentions both in fact and in law and may well prejudice an appellant's appeal regardless of the amount of leniency shown. Nevertheless, we will address [Williams'] arguments, insofar as we are able to ascertain them from his brief.

*Salazar v. State*, 256 Ga. App. 50 (567 SE2d 706) (2002).

On appeal, Williams contends that he was denied his Sixth Amendment right to counsel, that his guilty plea was involuntary because it was illegally induced, and that his trial counsel was ineffective.

> A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion. When the validity of a guilty plea is challenged, the state bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily.

(Footnote omitted.) *Frost v. State*, 286 Ga. App. 694 (649 SE2d 878) (2007). The State must show "that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea." (Punctuation and footnote omitted.) *Hubbard v. State*, 301 Ga. App. 388 (687 SE2d 589) (2009). After a defendant's sentence has been pronounced, his

> guilty plea may be withdrawn only to correct a manifest injustice. The test for manifest injustice will by necessity vary from case to case, but it has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges.

(Footnotes omitted.) Id.

3

The record shows that Williams initially entered a plea of not guilty on two separate indictments for seventeen counts of various crimes involving his step-daughter and her friend, including rape, child molestation and aggravated sodomy. Williams was appointed two attorneys before his trial, but he requested that each be removed from his case. At an October 16, 2008 hearing, Williams requested a bench trial and wanted a third lawyer, but the trial court advised him that he could either proceed with the second attorney or represent himself. The trial court further advised that should Williams decide to represent himself, his appointed counsel would assist him at trial. Williams' appointed trial counsel then noted for the record that Williams had complained that he was withholding evidence from him, and had committed various other errors, including withdrawing his speedy trial demand. Counsel stated that he had previously given Williams all of the discovery in his possession, but would provide Williams with another copy.

Williams' bench trial commenced on August 23, 2010, at which he represented himself, with his appointed counsel present.[1] On the fourth day of the trial, Williams decided to enter a guilty plea. On August 26, 2010, Williams filed a pro se motion for

---

[1] The trial transcripts are not included with the record.

appellate counsel, and on September 7, 2010, a third attorney was appointed to represent Williams.

Williams filed a pro se motion to withdraw his guilty plea on September 10, 2010, in which he made numerous allegations, including that he had been coerced into entering a guilty plea, that he had lacked the medical and mental capacity to enter a guilty plea, and that trial counsel did not inform him that he would lose certain rights by entering a plea. Following a hearing, at which he was represented by his new attorney, the trial court denied the motion. The trial court found that, although Williams contended that he was coerced by his former attorney into taking the plea deal, Williams had expressly dismissed the attorney before trial because he had contended that "he got bad information from the lawyer." At the hearing, the trial court noted that Williams had expressly rejected his attorney, and observed that

> he cannot then come back into court and say, well, [the attorney] gave
> me bad information. [The attorney] was not his lawyer. [Williams] had
> chosen to represent himself, at that point. . . . And furthermore, he was
> questioned on the record, do you understand the recommended sentence,
> the negotiated plea, do you have any questions about it, any questions
> about your rights; there were none at all that were raised at the time of
> the plea. I find that . . . Williams made numerous efforts, despite filing
> a speedy trial demand, to delay the trial.

5

On February 4, 2011, Williams' third counsel filed a timely notice of appeal from the order. Williams, thereafter, filed several pro se motions in the trial court, including a motion for an out-of-time appeal, motion to void his conviction, and a request for transcripts. The trial court denied his motions, and Williams filed a pro se application for discretionary review of the denial of his motion for an out-of-time appeal. We granted the application, and both appeals were docketed in this court on January 12, 2012.[2] This Court subsequently dismissed the latter appeal because it raised the same issues as the direct appeal filed by Williams' attorney.

1. Williams' contention that he was denied his right to counsel is meritless. The record shows that Williams was appointed three different attorneys and dismissed each of them. The Sixth Amendment does not guarantee a defendant preferred counsel or counsel with whom a "meaningful relationship" can be established. *Wheat v. United States*, 486 U.S. 153, 159 (108 SC 1692, 100 LE2d 140) (1988); *Cotton v. State*, 223 Ga. App. 288, 289-290 (477 SE2d 425) (1996).

The record does not support Williams' claim that the trial court deprived him of counsel. Rather, the evidence shows that Williams consciously, for whatever

___

[2] The denial of a motion for an out-of-time appeal is directly appealable. *Lunsford v. State*, 237 Ga. App. 696 (515 SE2d 198) (1999); OCGA § 5-6-35 (j).

6

reason, dismissed two appointed attorneys at the trial level. This amounted to a waiver by Williams of his right to be represented by counsel. *Williams v. State*, 169 Ga. App. 812, 815 (315 SE2d 42) (1984). The trial court did not abuse its discretion in refusing to allow Williams a third appointed counsel and in requiring him to either proceed to trial with his second appointed counsel or pro se. *Hammonds v. State*, 218 Ga. App. 423, 424 (461 SE2d 589) (1995).

Moreover, Williams cannot show how he was harmed by proceeding to trial because he subsequently pled guilty and was represented by appointed counsel at the hearing on his motion to withdraw his guilty plea.

Williams also argues that he was not made aware of his right to counsel once plea was initiated. He cites *Faretta v. California*, 422 U. S. 806, 835 (95 SC 2525, 45 LE2d 562) (1975) (trial court must explain the dangers of self-representation for waiver of counsel to be knowing and voluntary) for the proposition that he was not properly counseled at the plea stage. We do not agree. Our Supreme Court has held that an inquiry pursuant to *Faretta v. California*, 422 U. S. 806, 835 (95 SC 2525, 45 LE2d 562) (1975) does not have to be conducted at the guilty plea phase. *Parks v. McClung*, 271 Ga. 795, 798 (524 SE2d 718) (1999), overruled on other grounds by *Barnes v. State*, 275 Ga. 499, 502 n. 19 (570 SE2d 277) (2002). Williams clearly

waived his right to counsel in this case.     Moreover, at the plea hearing, acting in an abundance of caution, the second appointed attorney counseled Williams about the effect and consequences of the guilty plea even though Williams was acting pro se, and Williams confirmed that he understood the nature of the charges and the punishments related to his plea.

Accordingly, we find no merit to Williams' contention that he did not knowingly and voluntarily waive his right to counsel at the plea hearing. The trial court did not abuse its discretion in declining to withdraw his guilty plea on this basis.

2. Regarding Williams' contention that his guilty plea was involuntary, it is apparent from our review of the record that he was cognizant of all the rights he was waiving and the possible consequences of his plea, and that the plea was knowing and voluntary. Williams claims that he plead guilty because he was misinformed that he would retain his right to pursue certain "rights violations" including denial of his right to counsel, a speedy trial violation, and denial of "access to court," but as the trial court noted, Williams expressed lack of confidence in his appointed attorney. It is unlikely, then, that Williams' decision to plead guilty was coerced by information given by this same attorney. Williams was facing a sentence of "five life [sentences] plus 26 years" before pleading guilty, and received instead a sentence of two

8

concurrent life sentences. Any question of duress was a question of fact for the trial court to resolve, and we will reverse the trial court's decision on this issue only upon a showing of an abuse of discretion. *Frost v. State*, 286 Ga. App. 694, 697 (1) (649 SE2d 878) (2007). The trial court was authorized to discredit Williams' testimony regarding the decision for his plea. See *Carter v. State*, 272 Ga. App. 158, 160 (2) (611 SE2d 790) (2005) (defendant's allegation of pressure by trial counsel simply a matter of witness credibility for the trial court to decide); *Collier v. State*, 281 Ga. App. 646, 650 (637 SE2d 72) (2006) (the trial court was authorized to conclude that "any coercion [Williams] may have experienced in connection with the guilty plea arose from the circumstances in which he found himself, not any deficiency in his trial counsel's performance.")

The record, including the transcript of the plea hearing, shows that Williams' plea was voluntarily, knowingly and intelligently entered. Although the plea form that Williams signed at the plea hearing is not included in the record before this Court, at the plea hearing the trial court reviewed the form with Williams and clearly explained all of the rights he was relinquishing by pleading guilty. "[I]t is incumbent upon the trial court to ensure that a defendant understands that, by pleading guilty, he is

relinquishing constitutional rights to which he is otherwise entitled." *Bowers v. Moore*, 266 Ga. 893, 895 (1) (471 SE2d 869) (1996). Based on the colloquy between Williams and the trial court at his plea hearing, we are satisfied that Williams freely and voluntarily entered his plea with a full understanding of what the plea connoted and of its consequence. Thus, the trial court did not abuse its discretion by denying his motion to withdraw his plea on this basis.

3. Any remaining claims of error have been reviewed and are without merit. Morever, many of the arguments Williams made on appeal are related to pro se motions he filed while represented by an attorney and thus were "unauthorized and without effect." *Cotton v. State*, 279 Ga. 358, 361 (5) (613 SE2d 628) (2005).

*Judgment affirmed. Adams and McFadden, JJ., concur.*